UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JUSTIN M. RONK,**<br>*Plaintiff*<br><br>**v.**<br><br>**JOSEPH IMPICCICHE AND SETON MEDICAL CENTER WILLIAMSON,**<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:26-CV-02433-ABD** |

**ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ANDREW B. DAVIS
UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Justin M. Ronk's Application to Proceed *In Forma Pauperis*, Dkt. 2. Because Ronk is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Ronk's financial affidavit and determined Ronk is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Ronk's request for *in forma pauperis* status, Dkt. 2. The

Clerk of the Court shall file his complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Ronk is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that the District Judge dismiss Ronk's claims brought under the Rehabilitation Act, as well as his claims against Defendant Joseph Impicciche under 28 U.S.C. § 1915(e), but allow Ronk's claim brought under the Americans with Disabilities Act against Defendant Seton Medical Center Williamson to proceed. Therefore, service upon Defendant Joseph Impicciche should be withheld pending the District Judge's review of the recommendation made in this report. If the District Judge declines to adopt the recommendation, then service should be issued at that time upon Defendant Joseph Impicciche.

## II. REVIEW OF THE MERITS OF THE CLAIM

Because Ronk has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Ronk brought claims against Defendants Joseph Impicciche and Seton Medical Center Williamson ("Seton," and with Impicciche, "Defendants") for violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") based on Defendants' termination of Ronk's employment and failure to rehire him based on that prior termination. Dkt. 1, at 2-4. Ronk acknowledges that his claims related to Seton's termination of his employment in 2017 are barred by the applicable statute of limitations and thus presses his claims as arising from Seton's failure to rehire him in 2025 due to Seton's prior, allegedly wrongful, termination of Ronk's employment based on his disabilities. *Id.* at 18-22.

First, Ronk's RA claims against Defendants should be dismissed because he cannot show that his disabilities were the sole reason for the alleged discrimination

he experienced in failing to be rehired. Section 504 of the RA "explicitly provides that discrimination is actionable only if it occurs '*solely by reason of*' the plaintiff's disability." *Flynn v. Distinctive Home Care, Inc.*, 812 F.3d 422, 428 (5th Cir. 2016) (quoting 29 U.S.C. § 794(a)). A plaintiff establishes that the disability is the sole reason for the discrimination where: "(1) there is a 'causal connection' between his disability and the discriminatory action; and (2) his disability was 'the only cause' of the discriminatory action." *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 222 (5th Cir. 2018) (citation omitted). Ronk alleges that Seton rejected his employment application because he was listed in their system as "ineligible for rehire" based on Seton's previous termination of Ronk's employment, allegedly because of Ronk's disabilities. Dkt. 1, at 16, 20.

Yet according to Ronk's own allegations, his disabilities were not "the only cause of" Seton's decision to terminate his employment. *See id.* For example, Ronk alleges that he had been repeatedly disciplined for "excessive tardies" and other infractions before his termination. *Id.* at 12-15. In addition, Ronk concedes that the Texas Workforce Commission affirmed Seton's contention that it "discharged [Ronk] for violation of a reasonable and known policy," which required Ronk to repay the unemployment benefits he had collected following his termination. *Id.* at 16-18; *see Shah v. Univ. of Tex. Sw. Med. Sch.*, 54 F. Supp. 3d 681, 704-05 (N.D. Tex. 2014) (dismissing RA claim where plaintiff asserted that actions that led to his termination "were motivated, at least in part, by other considerations"). This termination resulted in Seton categorizing Ronk as "ineligible for rehire." Dkt. 1, at 20. Because Ronk's

own allegations demonstrate that his disabilities were not the sole cause of Seton's termination of his employment or rejection of his application to work for Seton again, he cannot meet the RA's "exacting" causation standard. *Sloan v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, No. 4:15-CV-01682, 2017 WL 6884497, at *7 (S.D. Tex. Mar. 28, 2017) (noting that "[t]he Rehabilitation Act's causation standard is exacting"). Ronk's RA claims should be dismissed with prejudice.

Next, Ronk's claims against Impicciche should be dismissed because there is no individual-capacity liability under either the ADA and RA. *Thunderhorse v. Collier*, No. CV 4:22-1511, 2024 WL 4893953, at *5 (S.D. Tex. Nov. 26, 2024) ("The ADA and RA do not permit claims against a defendant in his or her individual capacity."); *see also Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 882 (E.D. La. 2013) ("[T]his Court finds that individuals are not subject to liability under Title I of the ADA."). In addition, Ronk's complaint does not include a single factual allegation specific to Impicciche. *See* Dkt. 1; *Nevarez v. United States*, 957 F. Supp. 884, 889 (W.D. Tex. 1997) (explaining that "[e]ven under liberal pleading standards, the absence of *any* factual allegations against a named defendant entitles that defendant" to dismissal of claims against him (citation omitted)); *see also Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 664560, at *3 (N.D. Tex. Jan. 22, 2013), *R. & R. adopted*, No. 3:11-CV-0726-M-BH, 2013 WL 673920 (N.D. Tex. Feb. 25, 2013) ("Absent allegations of specific facts showing a plausible claim to relief against Defendant, the amended complaint must be dismissed as to [that] Defendant."

(citation omitted)). Ronk's claims against Impicciche should be dismissed with prejudice.

Ronk has, however, stated a claim against Seton under the ADA. The ADA prohibits employers from discriminating against any qualified individual based on disability in the application and hiring process. 42 U.S.C. § 12112(a). To state a claim for disparate treatment in hiring under the ADA, a plaintiff must establish three elements: (1) at the time he sought employment, he had a disability under the ADA; (2) he was qualified for the position; and (3) he was not hired because of his disability. *Rodriguez v. Conagra Grocery Prods. Co.*, 436 F.3d 468, 474 (5th Cir. 2006). Here, Ronk pleaded that he had a qualified disability at the time he applied for a position at Seton. Dkt. 1, at 4 (listing disabilities of "[i]nsomnia, epilepsy, schizophrenia"), 6, 19-20; *Gough v. McCain*, No. 1:19-CV-01183, 2022 WL 669866, at *16 (W.D. La. Feb. 3, 2022), *R. & R. adopted*, No. 19-CV-1183, 2022 WL 669411 (W.D. La. Mar. 4, 2022) (noting that "schizophrenia is a disability under the ADA").

Next, Ronk alleged that he was qualified for the position he applied for at Seton. Dkt. 1, at 19-20 ("The job requirements were highly specific, and [Ronk] believed he was one of the very few people in all of Williamson County who met all of the criteria."). Finally, Ronk contends that his disabilities caused Seton to reject his application for employment, notwithstanding Seton having listed him as ineligible for rehire based on his prior termination. *Id.* at 19-22. While Ronk's status as ineligible for rehire may ultimately doom his ADA claim against Seton, Ronk's disabilities "need not be the sole cause of [Seton's] discriminatory conduct for h[is]

claim to be viable." *Wren v. Midwestern State Univ.*, No. 7:18-CV-00060-O-BP, 2019 WL 3099408, at *11 (N.D. Tex. June 25, 2019), *R. & R. adopted*, No. 7:18-CV-00060-O-BP, 2019 WL 3081849 (N.D. Tex. July 15, 2019) (citing *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005)). Because Ronk has adequately stated a non-frivolous claim against Seton under the ADA, this claim should be allowed to proceed.

## III. ORDER AND RECOMMENDATION

The undersigned hereby **ORDERS** that Ronk's Application to Proceed *In Forma Pauperis*, Dkt. 2, is **GRANTED**. The Court **FURTHER ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Ronk's complaint (solely as to his ADA claim), upon Defendant Seton Medical Center Williamson under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The undersigned **FINALLY ORDERS** that Ronk's request for permission to file electronically in this matter, Dkt. 3, is **GRANTED**. Ronk is instructed to review the Court's Administrative Policies and Procedures for Electronic Filing and is reminded that under Section 6(h) of those Policies and Procedures, "if it is determined by the Court that the Filing User is abusing the privilege to electronically file documents or is consistently error prone in electronic filing, the Filing User's registration may be rescinded."

The undersigned **RECOMMENDS** that the District Judge **DISMISS** Ronk's RA claims against Defendants and his ADA claim against Defendant Joseph Impicciche with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

## IV. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 14, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE